## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

       Plaintiff,

vs.                                                    No. CR 07-0078 JB

MIGUEL BELTRAN-MARUFFO,

       Defendant.

### MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on Defendant Miguel Beltran-Maruffo's Objection to PSR, filed March 30, 2007 (Doc. 15)("Motion").  The Court held a sentencing hearing on April 13, 2007, and heard arguments on the objections to the Pre-Sentence Report ("PSR").  The primary issue is whether the Court should strike the criminal-history point assessed in paragraph 27 of the PSR.  Because the Court finds that Nichols v. United States, 511 U.S. 738 (1994), and U.S.S.G. § 4A1.2 countenance paragraph 27's assessment, the Court will overrule Beltran-Maruffo's objection.

### PROCEDURAL BACKGROUND

On March 30, 2007, Beltran-Maruffo filed his objection to the criminal-history point the United States Probation Office ("USPO") assessed him in paragraph 27 of the PSR for a simple possession of marijuana conviction.  See Motion at 1-2.  Beltran-Maruffo has submitted to the USPO documentation showing that he obtained the simple possession conviction without counsel and that, at the time of that conviction, he waived his right to counsel in a language he neither speaks nor reads.  See id. at 2; id., Affidavit of Miguel Beltran-Maruffo at 1-2 (executed March 16, 2007); id., Waiver of Counsel & Plea of Guilty (dated March 4, 2004).

At the April 13, 2007 sentencing hearing, Beltran-Marrufo also orally objected to paragraph 32 of the PSR.  Beltran-Marrufo contended that paragraph 32 was identical to paragraph 25 and that thus it should not appear in the PSR.  See Hearing Transcript at 3:11-13 (Converse)(taken April 13, 2007)("Transcript").[1]  Also at the hearing, the Court noted a typographical error in paragraph 28 of the PSR.  See id. at 4:25-5:4 (Court).  During the hearing, the United States moved the Court to decrease the offense level one level pursuant to U.S.S.G. § 3E1.1(b), which allows an additional downward adjustment for acceptance of responsibility, and to depart downward two levels pursuant to U.S.S.G. § 5K3.1, which allows a departure for defendants satisfying the requirements of an early disposition program.  See id. at 5:7-17 (Backinoff); United States' Motion for § 3E1.1(b) Downward Adjustment, filed April 13, 2007 (Doc. 18); United States' Motion for § 5K3.1 Downward Departure, filed April 13, 2007 (Doc. 20).

## LAW REGARDING WAIVER OF COUNSEL

With regard to the requirements that must be met for a waiver of counsel to be valid, in United States v. Mackovich, 209 F.3d 1227 (10th Cir. 2000), the United States Court of Appeals for the Tenth Circuit stated:

> To invoke the right, a defendant must meet several requirements. First, the defendant must "clearly and unequivocally" assert his intention to represent himself. United States v. Floyd, 81 F.3d 1517, 1527 (10th Cir. 1996). Second, the defendant must make this assertion in a timely fashion. United States v. McKinley, 58 F.3d 1475,1480 (10th Cir. 1995). Third, the defendant must "knowingly and intelligently"relinquish the benefits of representation by counsel. Boigegrain, 155 F.3d at 1179. To ensure that the defendant's waiver of counsel is knowing and intelligent, the trial judge should "conduct a thorough and comprehensive formal inquiry of the defendant on the record to demonstrate that the defendant is aware of the nature of the charges, the range of allowable punishments and possible defenses,

---

[1] The Court's citations to the transcript of the hearing refer to the Court Reporter's original, unedited version.  Any final transcript may contain slightly different page and/or line numbers.

and is fully informed of the risks of proceeding pro se."  United States v. Willie, 941 F.2d 1384, 1388 (10th Cir. 1991); accord United States v. Padilla, 819 F.2d 952, 959 (10th Cir. 1987).

United States v. Mackovich, 209 F.3d at 1236.

## SENTENCING LAW REGARDING UN-COUNSELED MISDEMEANOR SENTENCES

With respect to un-counseled misdemeanor sentences, the Supreme Court of the United States, in Nichols v. United States, 511 U.S. 738 (1994), held that a court may rely upon an un-counseled conviction,  even where no sentence of imprisonment is imposed for that conviction, to enhance a sentence for a subsequent offense, even though that sentence entails imprisonment.  See id. at 746-47.  The Nichols Court stated:

> Reliance on such a conviction is also consistent with the traditional understanding of the sentencing process, which we have often recognized as less exacting that the process of establishing guilt. . . .  Traditionally, **sentencing** judges have considered a wide variety of factors in addition to evidence bearing on guilt in determining what sentence to impose on a convicted defendant.  One such important factor . . . is a defendant's prior convictions.

Id. at 747.  Reflecting the Court's holding in Nichols v. United States, the background note to U.S.S.G. § 4A1.2 states: "Prior sentences, not otherwise excluded, are to be counted in the criminal history score, including uncounseled misdemeanor sentences where imprisonment was not imposed." U.S.S.G. § 4A1.2.

## ANALYSIS

1.      **Paragraph 27**.

Beltran-Maruffo asserts that his prior misdemeanor conviction for simple possession of marijuana should not be used in calculating his criminal history because he did not properly waive his right to counsel in that case.  The Court notes that, where no imprisonment is imposed, a

defendant charged with a misdemeanor has no constitutional right to counsel. See Smith v. Illinois, 440 U.S. 367, 373 (1979). The Court also notes that Nichols v. United States and U.S.S.G. § 4A1.2 countenance reliance on un-counseled misdemeanor convictions to enhance sentences. The Court concludes that the PSR properly calculates Beltran-Maruffo's criminal history. The Court will, therefore, overrule the objection to paragraph 27.

            2.      **Paragraph 28.**

        The Court notes a typographical error in paragraph 28 of the PSR: "Limestonr." At the sentencing hearing, the Court suggested that the "r" appearing in that word be replaced with an "e"; neither party objected to the Court's proposed correction of that typographical error. The Court will amend the PSR to state "Limestone."

            3.      **Paragraph 32.**

        Beltran-Maruffo objected to paragraph 32 on the ground that it is identical to paragraph 25. The Court notes that paragraphs 25 and 32 refer to different case numbers and that paragraph 32 contains additional information about several counts brought against Beltran-Maruffo. The Court thus finds that paragraphs 25 and 32 of the PSR are not identical, and the Court will overrule the objection.

            4.      **Downward Adjustment.**

        The United States moved the Court to depart downward pursuant to U.S.S.G. § 3E1.1(b) and U.S.S.G. § 5K3.1. The Court notes that Beltran-Marrufo entered into a "fast track" plea agreement with the United States, and that, per that agreement, Beltran-Marrufo accepted responsibility for committing the crime for which he was prosecuted. See Fast Track Plea Agreement, filed January 12, 2007 (Doc. 12). The Court will, consistent with its rulings on the record at the sentencing

hearing, for the reasons given at the time of the hearing, and in accordance with its April 13, 2007

Orders, grant the United States' motions for a two-level downward departure and for an additional

one-level reduction for a downward departure, and reduce Beltran-Marrufo's base-offense level

downward three levels. <u>See</u> Order, filed April 13, 2007 (Doc. 19); Order, filed April 13, 2007 (Doc.

21).

**IT IS ORDERED** that Beltran-Marrufo's objections to the PSR are overruled, that paragraph

28 of the PSR be amended consistent with the change stated herein, and that the United States'

motion for a downward departure, and motion for a downward adjustment for acceptance of

responsibility are granted.

_____
UNITED STATES DISTRICT JUDGE

*Counsel:*

Larry Gomez
  Acting United States Attorney
Rhonda P. Backinoff
  Assistant United States Attorney
Albuquerque, New Mexico

     *Attorneys for the Plaintiff*

Kari Converse
Law Offices of Kari Converse
Albuquerque, New Mexico

     *Attorneys for the Defendant*